UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-180-F

| | |
|---|---|
| SAUER INCORPORATED, )<br>Plaintiff )<br> )<br>v. )<br> )<br>LEXINGTON INSURANCE AGENCY )<br>INC. d/b/a LEXINGTON INSURANCE )<br>COMPANY, )<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the court on Lexington's Rule 56(d) motion to deny Sauer's motion for summary judgment [DE-34] as prematurely filed. The motion has been fully briefed and is ripe for resolution. For the following reasons, the motion is ALLOWED.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of deciding the instant motion, the court relates the facts as alleged in the complaint [DE-1-1]. Lexington Insurance issued a "builders risk insurance policy" to Sauer Incorporated, with effective dates of March 19, 2011 to March 19, 2012. During that time, Sauer served as the general contractor for a construction project at Fort Bragg, an army base located in Fayetteville, NC. The project required installation of an underground storm water retention system, referred to in the parties' submissions as the "Rain Tank System." The Rain Tank System collapsed during the course of the project and Sauer submitted an insurance claim to Lexington. Lexington denied coverage, and Sauer brought the instant breach of contract claim.

As amended by the court, the scheduling order provides that the parties have until May 1, 2014 to complete fact discovery. Despite this deadline, Sauer filed a motion for summary judgment on November 26, 2013, approximately five months before the close of discovery. Sauer argues the relevant material facts are not in dispute and that it is entitled to summary judgment as a matter of law. Shortly thereafter, Lexington filed the instant motion to deny Sauer's motion for summary judgment as prematurely filed. Lexington maintains that virtually all of the material facts are in dispute and that it needs additional fact discovery before it can properly respond to Sauer's motion.

## DISCUSSION

Lexington's requests relief under Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) provides "if a nonmovant shows by affidavit . . . that, for specified reasons, it cannot presents facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it . . . ." Fed. R. Civ. P. 56(d); *Nader v. Blair*, 549 F.3d 953, 961-62 (4th Cir. 2008). "[W]here the nonmvoing party has not had the opportunity to discover information that is essential to [its] opposition," the court should deny the motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). However, if the nonmoving party has not been diligent in pursuing discovery or if additional discovery will not create a genuine issue of material fact, a rule 56(d) motion is properly denied. *Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *Scott v. Nuwell Fin. Servs.*, 789 F. Supp. 2d 637, 641 (D. Md. 2011), *rev'd on other grounds sub nom. Gardner v. Ally Fin. Inc.*, 514 F. App'x 378, 379 (4th Cir. 2013).

2

Sauer asserts that "[t]he material facts concerning coverage are not at issue and the matter is appropriate for summary judgment." Sauer's Resp. [DE-36] at 12. To support this theory, Sauer indicates that its motion for summary judgment relies almost exclusively on the facts contained in Lexington's own pre-litigation investigative reports. In addition, Sauer asserts that "all [of Lexington's] requested witnesses were produced for interviews [as part of the pre-litigation investigative process]." *Id.* Although Sauer does not outright state this, Sauer is apparently arguing that Lexington's application of the language of the insurance policy to the allegedly undisputed facts was erroneous and contrary to the plain language of the policy. Lexington, for its part, denies that the material facts are undisputed and requests the full discovery period to which the parties originally agreed.

Lexington's motion is ALLOWED. Lexington is entitled to discovery regarding any material facts that are relevant to this case. For example, Lexington disputes that the rain tank is a component of the building that Sauer constructed, an issue that is obviously relevant because coverage is limited to the "building under construction." *See* Sauer's Resp. [DE-36] at 3. Sauer's response is that a drawing in the pre-litigation report[1] from one of Lexington's engineers indicates the rain tank is connected to the building under construction. The court rejects Sauer's theory that the pre-litigation report constitutes essentially an admission by Lexington that the rain tank is connected to the building. At a minimum, Lexington is entitled to further authentication of the drawing and a deposition under oath from Sauer's employees on this issue.

---

[1] And "common sense . . . that a drainage structure must be physically connected to the structure it is draining." Resp. [DE-36] at 5.

3

And the same is true of virtually all of Lexington's asserted factual disputes. Lexington is entitled to depose, under oath, the relevant witnesses to these events. The fact that some of Sauer's employees were informally interviewed as part of the pre-litigation investigation is immaterial. Unsworn witness statements are generally not proper summary judgment evidence. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.").

Sauer also argues that Lexington has been dilatory in pursuing discovery. While that circumstance may be grounds for denying a Rule 56(d) motion in some cases, *see Strag*, 55 F.3d at 954, it is not sufficient in the context of this case. Here, Sauer and Lexington filed a consent motion to amend the scheduling order on November 1, 2013 [DE-29], which extended the deadline for completing fact discovery until May 1, 2014. Inexplicably, Sauer filed a motion for summary judgment on November 26, 2013, less than four weeks after it consented to extending the deadline for fact discovery by an additional four months. Lexington was entitled to rely on the additional time the parties agreed to in their consent motion. Moreover, Sauer cannot now be heard to argue that Lexington has been dilatory in pursuing discovery when it expressly stated in the consent motion [DE-29] that both parties had engaged in "diligent efforts to complete fact discovery." *Id.* at 2.

## CONCLUSION

For the foregoing reasons, Lexington's Rule 56(d) motion [DE-34] is ALLOWED. Sauer's motion for summary judgment [DE-32] is DENIED as prematurely filed, but without prejudice to re-file the motion at the appropriate time.

SO ORDERED.

This the __1__ day of April, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

5