IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-180-F

| | | |
|---|---|---|
| SAUER INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LEXINGTON INSURANCE AGENCY, | ) | |
| INC., d/b/a LEXINGTON INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with regard to two motions: (1) Defendant's Motion to Compel the United States Army Corps of Engineers to Produce a Rule 30(b)(6) Witness or Witnesses ("Motion to Compel") [DE-65], and (2) the United States' Motion to Quash Lexington Insurance Company's Rule 30(b)(6) Deposition Subpoena ("Motion to Quash") [DE-71]. The United States filed a Response in Opposition [DE-73] to Defendant's Motion to Compel, and Defendant filed a Response in Opposition [DE-75] to the United States' Motion to Quash. Accordingly, the pending motions are ripe for adjudication. For the reasons stated herein, the United States' Motion to Quash will be allowed, and Defendant's Motion to Compel will be denied.

### BACKGROUND

This case, removed to this court on March 13, 2013, involves a breach of contract claim stemming from Defendant's denial of coverage on Plaintiff's claim under a builder's risk insurance policy. [DE-1-1] ¶¶ 4, 8. The insurance contract covered a project named "Special Operations Force – North Operations Addition Facility," which was located at Fort Bragg in Cumberland County, North Carolina and included the procurement and installation of an underground storm water

retention system (the "Rain Tank"). *Id.* ¶¶ 4, 10. Plaintiff's breach of contract claim results from a claim made for property coverage after the Rain Tank collapsed. *Id.* ¶¶ 11, 12. In support of its motion to compel, Defendant states that the United States Army Corps of Engineers (the "Army Corps") was the owner of the insured project and the Rain Tank was located at Fort Bragg, an Army base. [DE-65] at 3. Further, Defendant states that Plaintiff identified Nelson Mora and Vernon Crudup of the Army Corps "as individuals familiar with the project, the circumstances surrounding the collapse of the Rain Tank, and the removal and replacement of the Rain Tank." *Id.*

## A.    The Document Subpoena

On July 19, 2013, Defendant served the Army Corps with a document subpoena including a rider containing twenty-four (24) requests for production of documents pertaining to the Rain Tank. [DE-66-1]. On July 29, 2013, the Army Corps contacted Defendant, requesting more time to comply with the subpoena and raising concerns about the subpoena's scope. *See* [DE-66-2]. On July 30, 2013, Defendant sent the Army Corps a letter addressing some of the concerns raised in the earlier conversation and attempting to explain "the nature of the proceeding and the nature and relevance of the information sought." *Id.* Then on August 2, 2013, the Army Corps contacted Defendant via e-mail, again expressing concerns with the document request. [DE-66-5] at 5. Specifically, the Army Corps raised concerns about the breadth of the request, the amount of time it would take the Army Corps to comply, potential security issues, and issues as to releasing cost and pricing data and internal communications. *Id.* In response, in an e-mail dated August 6, 2013, Defendant narrowed the scope of two of the requests for production. *Id.* at 4.

On August 19, 2013, the Army Corps sent a letter to Defendant, raising further concerns with the document request. [DE-74] at 5. The Army Corps notified Defendant that it was treating the

2

document subpoena as a request for the release of official information pursuant to 32 C.F.R. § 516.41. *Id.* Further, the Army Corps asked Defendant to clarify whether the case involved a claim to which the United States is a party or otherwise has an interest, and whether Defendant's expert's opinion was limited to the Rain Tank itself, or extended to other elements (such as the manner of installation or location). *Id.* Defendant did not respond to the August 19, 2013 letter, but nevertheless, the Army Corps complied with the document subpoena on September 13, 2013, producing over two thousand (2,000) pages of records. McCorcle Decl. [DE-74] at 2, 7. According to the Army Corps, Defendant "has never communicated to the [Army] Corps [that] the production was insufficient in any way." *Id.* at 2.

## B.     The Deposition Subpoena

On June 26, 2014, Defendant served the Army Corps with a Rule 30(b)(6) deposition subpoena, setting the deposition for 9:00 a.m. on July 14, 2014. [DE-66-3]. The deposition subpoena included a "Rule 30(b)(6) List of Topics," a list of twenty-two (22) topics for discussion at the deposition related to the Rain Tank. *Id.* at 12-14. On July 10, 2014, the Army Corps sent Defendant an e-mail in response to the deposition subpoena, requesting a telephonic conference or withdrawal of the deposition subpoena. [DE-66-4]. That same day, counsel for Defendant and the Army Corps spoke via telephone about the deposition subpoena, and counsel for the Army Corps sent a follow-up e-mail detailing their conversation. [DE-66-5]. Counsel for the Army Corps states that during the telephone conversation, he advised counsel for Defendant that "(1) the subpoena was not in compliance with the applicable Army regulations for requests for official information and witness testimony, (2) [Defendant] should make a proper written request with the regulations ... and (3) the subpoena was overly broad." McCorcle Decl. [DE-74] at 3. In the follow-up e-mail, counsel

3

Case 5:13-cv-00180-F   Document 76   Filed 10/31/14   Page 3 of 10

for the Army Corps confirmed that Defendant "committed to providing a written request for the testimony of one government employee that can speak to the facts surrounding the rain tank installation and subsequent failure." [DE-66-5]. Further, counsel for the Army Corps stated that he would submit the request to the appropriate parties, and that he was "not in a position to grant or deny the availability of such witness." *Id.*

On August 1, 2014, Defendant sent the Army Corps a letter as a follow-up to the July 10, 2014 discussion, to advise the Army Corps of "the nature and relevance of the information sought." [DE-66-6]. The letter first clarified that Defendant was asking the Army Corps "to designate a person or persons who, in general, can testify on behalf of [the Army Corps] relative to the [rain] tank installation and subsequent failure." *Id.* Next, the letter stated that the deposition topics "relate to the design, construction, and installation of the Rain Tank; the alleged cracking or damage to the Rain Tank discovered on April 29, 2011; the investigation into the cause of the alleged damage to the Rain Tank; and the repair or replacement of the Rain Tank." *Id.* The letter summarized the information Defendant was seeking through the 22 deposition topics, and did not limit or narrow any of those topics.

On August 21, 2014, the Army Corps sent Defendant a letter declining to comply with the deposition subpoena and referring any further action in the matter to the United States Attorney's Office for the Eastern District of North Carolina. [DE-66-7]. The Army Corps referenced the regulations for requesting official information or testimony from the Army, found at 32 C.F.R. § 516.41 *et. seq.*,[1] and stated that significant time and expense had already been expended complying

---

[1] These are the applicable *Touhy* regulations for the Department of the Army. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-70 (1951) (holding that subordinate federal employees could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated departmental regulation).

4

with the earlier request for documents. *Id.* Counsel for the Army Corps also stated that the documents produced were "adequate to fully satisfy [Defendant's] request for official information," especially given that the dispute did not involve the United States. *Id.*

Defendant alleges that testimony from the Army Corps is relevant to claims made by both parties in the case, and that Defendant "will be significantly prejudiced if it is not allowed to obtain testimony from the owner of the construction project and the Rain Tank." [DE-65] at 3-4. Further, Defendant argues that the Army Corps' "current position is wholly inconsistent with its earlier conduct when it agreed to produce documents pertinent to the Rain Tank" as a result of Defendant's 2013 document subpoena and the refusal to produce a Rule 30(b)(6) witness is unreasonable, arbitrary, and capricious. Def.'s Mem. [DE-66] at 3, 5-7. Defendant thus requests that this court compel the Army Corps to produce one or more Rule 30(b)(6) witnesses who will be able to testify as to the topics set forth in Defendant's deposition subpoena issued to the Army Corps on June 26, 2014. [DE-65] at 4.

The United States argues that sovereign immunity shields the Army Corps from responding to the deposition subpoena and the only proper method for judicial review of a federal agency's decision not to comply with a subpoena is through the Administrative Procedure Act (the "APA"). Gov't. Mem. [DE-72] at 7-8. The United States argues that because Defendant has failed to file an action against the United States under the APA, the motion to compel should be denied and the deposition subpoena should be quashed. *Id.* at 8. Alternatively, the United States argues that the Army Corps complied with the official regulations governing the production of testimony of Army Corps personnel and therefore its actions were not arbitrary, capricious, or otherwise unlawful. *Id.* at 8-12.

5

In response, Defendant reiterates much of its earlier arguments, but adds that case law from within this circuit does not require Defendant to file a separate proceeding under the APA against the Army Corps in order to challenge the failure of the Army Corps to comply with the deposition subpoena. Def. Resp. [DE-75] at 6-7. Defendant further argues that the Army Corps never provided a detailed analysis of the applicable regulations justifying its decision not to comply with the deposition subpoena, and the Army Corps' failure to comply is unreasonable, arbitrary, and capricious. *Id.* at 7-11.

## DISCUSSION

Sovereign immunity gives rise to the government's ability to refuse compliance with a subpoena. *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999). "'[S]ubpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign.'" *Id.* (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989)). When the United States is not a party to a proceeding, the "sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas" is the APA. *Id.* at 274. The written advice of the federal agency's counsel that the agency will not comply with the subpoena constitutes a final agency action, one that is ripe for review under the APA. *Id.* at 275. "The APA waives sovereign immunity and permits a federal court to order a non-party to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *Id.* at 277. A federal agency's decision is arbitrary and capricious for purposes of the APA "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed

6

to a difference in view or the product of agency expertise." *Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). The agency's decision will be upheld if it is reasonable and if the decision is in accordance with the agency's *Touhy* regulations. *Spence v. NCI Info. Sys., Inc.*, 530 F. Supp. 2d 739, 745 (D. Md. 2008).

A dispute over non-compliance with a subpoena may be resolved under the APA as part of the underlying litigation, without requiring the party seeking to enforce the subpoena to file a separate proceeding under the APA. *Id.* at 744 (acknowledging that the Fourth Circuit has not addressed this issue and holding that the dispute may be resolved as part of the underlying litigation) (citing *U.S. Envtl. Prot. Agency v. Gen. Elec. Co.*, 197 F.3d 592, 599 (2d Cir. 1999)). Requiring "a separate and independent action [under the APA] would result in needless delay and duplication of effort." *Id.*

The Fourth Circuit has stated that "[w]hen an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278. Further, "the decision to permit employee testimony is committed to the agency's discretion. This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." *Id.* The agency may properly consider the "potential cumulative burden" of compliance, as other private litigants may seek testimony from agency employees if the agency complies in the instant dispute. *Id.* Further, the agency does not have to spell out a "formulaic incantation" of its consideration of the applicable *Touhy* regulations in order to satisfy the APA. *Spence*, 530 F. Supp. 2d at 745 (upholding an agency's refusal to comply with a subpoena where the agency did not "refer specifically" to the applicable *Touhy* regulations but where the

7

grounds for refusal were "readily discernable"). A reviewing court under the APA "may not supply a reasoned basis for the agency's action that the agency itself has not given," but the court may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974).

In the instant case, the Army Corps' letter of August 21, 2014 [DE-66-7] declining to comply with the deposition subpoena is a final agency determination, ripe for review under the APA. *COMSAT*, 190 F.3d at 275. To explain why the Army Corps will not comply with the deposition subpoena, counsel for the Army Corps first points to the *Touhy* regulations for the Department of the Army, found at 32 C.F.R. § 516.41 *et seq.*, reminding Defendant that a proper request for official information from the Army Corps must be made pursuant to these regulations. [DE-66-7]. And as further justification for the Army Corps' non-compliance, counsel states that the agency had already expended significant time and effort in responding to Defendant's document request and believed that information to be adequate for resolving Defendant's request for official information from the Army Corps, given that Defendant's claim is not against the United States and is not a matter in which the United States has a significant interest. *Id.*

Here, sovereign immunity applies to the decision of the Army Corps not to comply with the deposition subpoena. *COMSAT*, 190 F.3d at 274. Defendant was not required to initiate a separate proceeding under the APA in order for this court to review the Army Corps' non-compliance. *Spence*, 530 F. Supp. 2d at 744. Under the APA, the court reviews the Army Corps' refusal to comply with the deposition subpoena to determine whether it was arbitrary or capricious. *COMSAT*, 190 F.3d at 277. The applicable *Touhy* regulations (regulations for requesting official information or testimony) for the Department of the Army are found at 32 C.F.R. § 516.41 *et seq.*, and the

regulations governing the determination of release authorization are found at 32 C.F.R. § 516.44. The regulations guide the deciding official to consider several "releasability favors" in making the determination of whether to authorize the release of information or testimony. 32 C.F.R. § 516.44(b). These factors include whether the requester complied with the policy governing the release of official documents laid out in 32 C.F.R. § 516.41(d), and whether the request is "unduly burdensome or otherwise inappropriate." 32 C.F.R. § 516.44(b)(1) & (2). The "requesters' responsibilities" are to "submit, at least 14 days before the desired date of production, a specific written request setting forth the nature and relevance of the official information sought." 32 C.F.R. § 516.41(d). This subsection refers explicitly to *Touhy*. *Id.*

After receiving the initial deposition subpoena from Defendant, counsel for the Army Corps asked Defendant to provide a written request for the testimony needed. [DE-66-5]. In response, Defendant sent the August 1, 2014 letter, to advise the Army Corps "of the nature and relevance of the information sought." [DE-66-6]. Although the refusal letter of August 21, 2014 does not explicitly state that the request is being denied based on Defendant's failure to comply with the *Touhy* regulations, here "the agency's path may reasonably be discerned." *Bowman*, 419 U.S. at 285-86. It is clear from the August 21, 2014 letter and the history of the exchange between the Army Corps and Defendant that the Army Corps determined that Defendant had failed to sufficiently specify "the nature and relevance of the official information sought." 32 C.F.R. § 516.41(d); [DE-66-7]. As in *Spence*, the agency does not have to "utter some formulaic incantation in order to satisfy the APA," where the grounds for refusal "may reasonably be discerned."[2] *Spence*, 530 F. Supp. 2d

---

[2] Although the parties have raised the issue of the timeliness of the deposition subpoena, the court does not reach that issue where there are other grounds for refusal under the Army Corps' applicable *Touhy* regulations.

9

at 745 (upholding an agency refusal under the APA that did not even refer to the applicable *Touhy* regulations) (quoting *Bowman*, 419 U.S. at 285-86).

Further, it is clear that the Army Corps refused to comply with the deposition subpoena on the grounds of undue burden, in accordance with 32 C.F.R. § 516.44(b)(2). The Army Corps states that it had already expended significant time and effort to comply with Defendant's earlier document subpoena, and believed that information to be sufficient to comply with Defendant's requests for information. [DE-66-7]. Here, the Army Corps considered the burden of complying with this additional request from Defendant, and determined that not complying with the deposition subpoena would "conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Boron Oil*, 873 F.2d at 70 (citation omitted). Accordingly, the Army Corps acted reasonably and in accordance with its own regulations in denying Defendant's deposition subpoena. The Army Corps' refusal to comply was not arbitrary, capricious, or otherwise unlawful, and therefore the Army Corps did not violate the APA by refusing to comply with Defendant's deposition subpoena.

## CONCLUSION

It is therefore ordered that the United States' motion to quash [DE-71] is ALLOWED and Defendant's motion to compel [DE-65] is DENIED.

SO ORDERED, the 31st day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

10