IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-180-F

| | |
|---|---|
| SAUER INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| LEXINGTON INSURANCE AGENCY, | ) |
| INC., d/b/a LEXINGTON INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court with regard to Defendant's motion to strike Plaintiff's supplemental Rule 26 disclosures [DE-79] and Defendant's motion to compel [DE-83]. Plaintiff has filed responses in opposition to the motions. [DE-85, -88]. Accordingly, the pending motions are ripe for adjudication. For the reasons that follow, the motions are denied.

## I. BACKGROUND

This case, removed to this court on March 13, 2013, involves a breach of contract claim stemming from Defendant's denial of coverage on Plaintiff's claim under a builder's risk insurance policy. [DE-1-1] ¶¶ 4, 8. The insurance contract covered a project named "Special Operations Force – North Operations Addition Facility," which was located at Fort Bragg in Cumberland County, North Carolina and included the procurement and installation of an underground storm water retention system (the "Rain Tank"). *Id.* ¶¶ 4, 10. Plaintiff's breach of contract claim results from a claim made for property coverage after the Rain Tank collapsed. *Id.* ¶¶ 11, 12.

On May 3, 2013, the court entered a scheduling order with the following critical deadlines: discovery to be completed by January 31, 2014, dispositive motions to be filed by February 28, 2014,

and the trial to be held during the July 14, 2014 term of court. [DE-20]. On November 4, 2013, the court allowed the parties' joint motion to amend the scheduling order as follows: discovery to be completed by May 1, 2014, dispositive motions to be filed by June 2, 2014, and the trial to be held during the September 29, 2014 term of court. [DE-30]. On November 26, 2013, Plaintiff filed a motion for summary judgment [DE-32], to which Defendant responded with a Rule 56(d) motion [DE-34]. The court allowed Defendant's motion and denied Plaintiff's motion as prematurely filed to provide Defendant the opportunity to complete discovery. [DE-45].

On May 21, 2014, after conducting a hearing to develop the record, the court allowed in part Defendant's motion to amend the scheduling order as follows: discovery to be completed by August 22, 2014, dispositive motions to be filed by September 22, 2014, and the trial to be held during the January 5, 2015 term of court. [DE-60]. On September 26, 2014, the court again amended the scheduling order at the parties' request to provide that discovery be completed by December 12, 2014, dispositive motions be filed by January 12, 2015, and the trial to occur during the April, 27, 2015 term of court. [DE-69].

On October 31, 2014, the court quashed Defendant's 30(b)(6) deposition subpoena directed to the United States Army Corps of Engineers [DE-76], and an appeal of that order is currently pending before the presiding district judge [DE-77]. On December 30, 2014, Defendant filed the instant motion to strike Plaintiff's Rule 26 supplemental disclosures. [DE-79]. On January 6, 2015, the court allowed Defendant's consent motion to extend the dispositive motions deadline to January 26, 2015. [DE-82]. On January 12, 2015, Defendant filed the instant motion to compel. [DE-83]. On January 26, 2015, the parties filed cross-motions for summary judgment. [DE-86, -89]. On February 12, 2015, the court continued the trial of this matter pending further order. [DE-93].

## II. DISCUSSION

**A.  Motion to Strike [DE-79]**

Defendant contends that Plaintiff's supplemental Rule 26 disclosures related to damages are untimely and incomplete and thus seeks to have them stricken. Def.'s Mot. [DE-79] at 1-3. Specifically, Defendant contends that Plaintiff initially disclosed damages of $925,893.81 for replacement of the Rain Tank, but on December 1, 2014, shortly before the close of discovery, Plaintiff revised its initial disclosures to include new claims for soft costs of $207,762.00 and preparation costs of $25,000.00 without sufficient documentation. *Id.* Plaintiff contends that it promptly supplemented its damages calculation after learning of potential coverage for these types of damages at the November 18, 2014 deposition of Tom Habinck and provided sufficient documentation in support. Pl.'s Resp. [DE-85] at 1-5. The court agrees with Plaintiff that the supplemental disclosures regarding damages satisfy Rule 26.

Rule 26(a)(1) mandates that the parties make certain pre-discovery initial disclosures including

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). Timely supplementation or correction of initial disclosures is likewise required by Rule 26(e) when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). "Furthermore, when a party receives additional documents that it intends to

3

use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement its Rule 26(a)(1)(A)(iii) computation." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012) (unpublished) (citations omitted). The scheduling order governing this case further provides that "[s]upplementation under Rule 26(e) must be made promptly after receipt of the information by the party or counsel." [DE-20] at 2.

Defendant first argues that Plaintiff's disclosures regarding soft costs and claim preparation damages are not a supplementation as contemplated by Rule 26(e), but rather an improper attempt to add two new categories of damages on the eve of the close of discovery. Def.'s Mem. [DE-80] at 2-3. The court disagrees. Defendant has not disputed that Plaintiff first learned during the November 18, 2014 deposition of Tom Habinck, the adjuster for the claim at issue, that damages for soft costs and claim preparation may be included in the covered loss. *See* Pl.'s Resp. [DE-85] ¶¶ 1-3, 7-9 (citing *Id.* Ex. F, Habinck Dep. [DE-85-8] at 60:7-18). Rule 26(e) encompass circumstances such as those present here where new information regarding the subject of an initial disclosure is learned through discovery. *See Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 404-05 (8th Cir. 2013) ("Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to make initial disclosures, including a computation of damages, which under Rule 26(e)(1)(A) must be supplemented when new information comes to light."); *KCH Servs., Inc. v. Vanaire, Inc.*, No. CIV.A. 05-777-C, 2010 WL 1416672, at *3 (W.D. Ky. Mar. 31, 2010) (unpublished) (denying motion to exclude based on late expert disclosures and allowing motion to present unjust enrichment damages based on "recently available information" where plaintiff had a duty pursuant to Rule 26(e) to supplement once new evidence related to damages was discovered).

4

Moreover, the delay in taking Habinck's deposition appears to lie in part with Defendant where Plaintiff first sought deposition dates for this witness in July of 2014. Pl.'s Resp., Ex. A [DE-85-3]; *see also id.*, Ex. B [DE-85-4] (Aug. 7, 2014 Email from Robey to Mondi regarding scheduling Habinck's deposition) & Ex. C [DE-85-5] (Oct. 1, 2014 Email from Robey to Mondi regarding scheduling Habinck's deposition). Thus, the circumstances here are distinct from those where a party fails to diligently pursue a matter then later attempts to add new theories through Rule 26(e) supplementation. *Cf. MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 205 F.3d 1351 (9th Cir. 1999) (unpublished) (finding no error in district court's conclusion that new category of damages was not admissible under Rule 26(e)(1) where proponent of evidence did not contend the information on which the new evidence was based was unavailable at the time of the original disclosure); *Oceans Cuisine, Ltd. v. Fishery Prods. Int'l, Inc.*, No. 05-CV-3613 DRH AKT, 2006 WL 1071578, at *5 (E.D.N.Y. Apr. 21, 2006) (unpublished) (upholding ruling that supplemental interrogatory answer was untimely introduction of new theory on damages where plaintiff "belatedly consulted with AMH & E, an advertising company, and later attempted to assert theories based upon that consultation, after the discovery cut-off.").

Finally, Plaintiff offered to cure any potential prejudice by agreeing to provide additional discovery on damages, including making a 30(b)(6) witness available, Pl.'s Resp., Ex. J [DE-85-12] & Ex. M [DE-85-15]. The court finds that providing an additional period of time in which Defendant may conduct discovery related to the supplemental damages disclosures is sufficient to cure any arguable prejudice to Defendant based on the timing of the supplementation. *See B-Y Water Dist. v. City of Yankton*, No. CIV. 07-4142, 2008 WL 4861692, at *2 (D. S.D. Nov. 10, 2008) (unpublished) (denying motion to strike supplemental report based on newly-disclosed lost profit

5

damages where information was discovered after initial disclosure and depositions and plaintiff offered to provide expert for another deposition).

Defendant also contends that Plaintiff's supplemental disclosures are not properly supported. Def.'s Mem. [DE-80] at 3-5. After notifying Defendant that it intended to supplement its damages disclosures to include soft costs and claim preparation costs, Plaintiff provided a "Soft Costs Narrative" explaining its calculation as well as a spreadsheet detailing the overhead calculation and cost estimate analysis. Pl.'s Resp., Ex. I [DE-85-11]. At Defendant's request, Plaintiff thereafter provided financial statements and other documentation in further support of the soft costs calculation. *Id.*, Ex. L [DE-85-14]. Rule 26(a)(1) requires that documentation supporting a damages calculation be made available. Fed. R. Civ. P. 26(a)(1)(A)(iii). It appears Plaintiff has already provided a substantial amount of information regarding its calculation of soft costs, but none regarding claim preparation costs. However, where the court will provide an additional period of time in which Defendant may conduct discovery related to the supplemental damages disclosures any deficiency is not fatal and may be cured. Accordingly, the motion to strike is denied, and Defendant shall have until **July 17, 2015** to conduct discovery regarding Plaintiff's supplemental damages disclosures.

## B. Motion to Compel [DE-83]

Defendant seeks an order compelling Plaintiff to identify the number of documents in its "CLX library," to fully comply with Plaintiff's requests for production of documents, and to produce a complete copy of its Rule 26 expert's file. Pl.'s Mot. [DE-83]. Specifically, Defendant's motion pertains to documents Defendant contends it discovered during the depositions of Habinck on November 18, 2014 and of Michael Ulmer on December 10, 2014, which had not previously been

6

produced. Pl.'s Mem. [DE-84] at 1-2.

Rule 34 of the Federal Rules of Civil Procedure governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. Fed. R. Civ. P. 34(b)(2)(B) & (C). Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff in response to the motion to compel asserts that it produced a privilege log and provided a supplemental production for the Ulmer file on January 16, 2015. Pl.'s Resp. [DE-88] ¶¶ 7-8. Accordingly, it appears the motion with respect to the Ulmer file is moot. With respect to the document introduced by Plaintiff at the Habinck deposition, the failure to produce one document in the context of a large electronic production is insufficient to cast doubt on the completeness of the entire production, particularly where as here the document at issue originated with Defendant's adjuster and it appears Defendant also failed to produce the document. *Id.* [DE-88] ¶ 11. Furthermore, the document was in fact produced by third-party Willis. Pl.'s Resp., Ex. K [DE-88-14]. Accordingly, the motion to compel is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to strike Plaintiff's supplemental Rule 26 disclosures [DE-79] and Defendant's motion to compel [DE-83] are DENIED. Defendant shall have

7

until **July 17, 2015** to conduct discovery regarding Plaintiff's supplemental damages disclosures.

SO ORDERED, the 4th day of June 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge