IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-180-F

| | |
|---|---|
| SAUER INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEXINGTON INSURANCE AGENCY INC. | ) **ORDER** |
| D/B/A LEXINGTON INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Defendant Lexington Insurance Company's ("Lexington") Motion for Reconsideration [DE-77]. For the reasons set forth below, the motion is DENIED.

Lexington seeks reconsideration of an order [DE-76] denying its motion to compel the United States Army Corps of Engineers ("USACE") to produce a Rule 30(b)(6) witness. Reconsideration is only appropriate when the decision of the court is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). This court disagrees with the assertion that the order denying Lexington's motion is clearly erroneous or contrary to law and instead agrees with and adopts the reasoning and outcome outlined in that order. The USACE decision not to comply with Lexington's subpoena was not arbitrary or capricious. It is clear from the exchange between the parties that Lexington's request was not in compliance with the Army's regulations for requesting information. Furthermore, it was also clear that the Army felt the request was unduly burdensome given the fact that it had already produced some 2,000 pages of documents for an

action where USACE is not even a party. For the same reasons set forth in the Order of October 31, 2014 [DE-76], Lexington is not entitled to reconsideration.

The Defendant's Motion for Reconsideration [DE-77] is DENIED. The Clerk of Court is DIRECTED to continue management in this case.

SO ORDERED.

This, the 11 day of August, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge