IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-180-F

| | |
|---|---|
| SAUER INCORPORATED,               )<br>                                   )<br>            Plaintiff,             )<br>                                   )<br>      v.                           )<br>                                   )<br>LEXINGTON INSURANCE AGENCY INC.    )<br>D/B/A LEXINGTON INSURANCE          )<br>COMPANY,                           )<br>                                   )<br>            Defendant.             ) | **ORDER** |

This matter is before the court on an Objection to Magistrate Judge Jones Jr.'s June 4, 2015 Order [DE-101], filed by Lexington Insurance Agency, Inc. ("Lexington"). The matter has been fully briefed and is ripe for ruling. For the reasons stated herein, the motion is ALLOWED IN PART and DENIED IN PART.

### I. BACKGROUND

On June 4, 2015, United States Magistrate Judge ("USMJ") Robert B. Jones, Jr., issued an order denying, *inter alia*, Lexington's motion to strike Plaintiff's supplemental Rule 26 disclosures. *See* USMJ Order [DE-99]. That order lays out the background for the present motion. The court adopts that background and presumes familiarity with the USMJ Order. In short, after conducting a deposition of Thomas Habinck, Sauer believed it necessary to supplement its initial disclosures regarding the damages it sought in this case. Sauer timely supplemented, albeit near the close of discovery, and Lexington moved to strike Sauer's supplemental disclosures. The USMJ denied Lexington's motion. We now find ourselves here, with Lexington's appeal of the USMJ order.

## II. DISCUSSION

Pursuant to Title 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and this court's local rules, magistrate judges may be authorized to decide certain non-dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Civil Rule 72.3(b), EDNC. Upon timely appeal by an objecting party, a district judge must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A factual finding is clearly erroneous when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Although the "contrary to law" standard permits plenary review of legal conclusions, *see PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010), decisions related to discovery disputes and scheduling are accorded greater deference, *see, e.g., In re Outsidewall Tire Lit.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

With regard to the discovery issues at dispute in this appeal, Rule 26(e) of the Federal Rules of Civil Procedure requires parties to timely supplement and correct their initial disclosures. *See* Fed. R. Civ. P. 26(e). "When a party receives additional documents that it intends to use to prove its damages, or when its previous damages computation becomes otherwise inadequate, a party must supplement its Rule 26(a)(1)(A)(iii) computation." *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012). If a party fails to supplement its disclosures, Rule 37(c)(1) provides courts with various sanction powers to remedy the violation, unless the violation was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also Silicon Knights*, 2012 WL 1596722, at *2. Courts have broad discretion to determine whether a Rule 26(e) violation

was justified or harmless and to determine a remedy for that violation. *See Silicon Knights*, 2012 WL 1596722, at *2. In exercising this discretion, courts look to the following factors:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Here, the court has reviewed the USMJ's order, as well as the filings and exhibits of the parties, and cannot conclude that the USMJ order is clearly erroneous or contrary to law. Sauer's amended disclosures are a supplementation of its damages calculation, not an improper attempt to add new claims. Sauer does not bring any new claims and appears to have discovered the potential additional damages as a result of the Habinck deposition.[1] Moreover, the remedy sought by Lexington—striking Sauer's amended disclosures and barring Sauer from seeking those damages—is inapposite to any deficiencies in the disclosures. Indeed, that remedy is the one allowed by Rule 37 where a party fails to timely amend its disclosures. While Sauer's amended disclosures came late in the discovery period, they were still timely with the exception of the information regarding claim preparation costs. Furthermore, the court finds that the USMJ's proposed solution of additional discovery time remedies any issues with both the timing of the amended disclosures and the lack of information regarding claim preparation. *See* USMJ Order [DE-99] at 6. However, the court does agree that the time allowed by the USMJ may be

---

[1] The court also finds no reason to contradict the USMJ's findings that the Habinck deposition, which occurred late during the discovery period, spurred the amended disclosures and was largely the reason for the disclosures being made so close to the discovery deadline.

3

too short to conduct sufficient discovery regarding the amended disclosures. Accordingly, the court DIRECTS the parties to confer and to provide a status report to the court, no later than November 20, 2015, regarding how much additional time and discovery, within reason, is necessary to resolve the issue. Because the date for trial is rapidly approaching, the parties should also inform the court (1) of whether they wish to move to continue the trial date, and (2) of whether they wish to move to extend the exhibit list and expert witness list deadlines. With the exception of the court's modification of the discovery time, Lexington's Objection to Magistrate Judge Jones Jr.'s June 4, 2015 Order [DE-101] is DENIED.

## III. CONCLUSION

Lexington's Objection to Magistrate Judge Jones Jr.'s June 4, 2015 Order [DE-101] is ALLOWED IN PART and DENIED IN PART. The court denies the motion except to allow the parties additional discovery time to resolve any lingering amended disclosure issues. The parties are DIRECTED to confer with each other and to provide a status report to the court, no later than November 20, 2015, regarding how much additional time and discovery, within reason, is necessary to resolve those issues. The parties are also advised to move the court to continue the trial date for this matter if they feel that such a motion is necessary. The parties should further advise the court of whether they wish to extend the exhibit list and expert witness list deadlines.

SO ORDERED.

This, the 13 day of November, 2015.

_____
JAMES C. FOX
Senior United States District Judge